# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEXTER RAY KING,**

    Petitioner,

v.                                                                      Case No.: 6:26-cv-220-AGM-NWH

**WARDEN, SEMINOLE COUNTY JAIL,**

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Dexter Ray King's "Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" ("Petition," Doc. #1).[1] Petitioner, a prisoner proceeding pro se, asserts that he challenges "the lawfulness of [his] pretrial detention. . ." on the bases that (1) the Court lacks jurisdiction because the prosecution relied on subpoenas without judicial authorization, (2) exculpatory and material evidence was not timely disclosed, and (3) the statute of limitations bars his prosecution. (*Id.* at 1-3.) For the following reasons, the Petition is subject to dismissal, and this case will be dismissed without prejudice.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

---

[1] The instant Petition does not assert matters that constitute an emergency. Petitioner should not label any further pleadings as an "emergency" unless there is a true and legitimate emergency. The failure to comply with this paragraph will result in the imposition of sanctions. *See* M.D. Fla. L. R. 3.01(e).

requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ."[2] "[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "'[F]ederal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense. . . .'" *Id.* at 226 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).

Once convicted, a petitioner generally may collaterally challenge his federal conviction and sentence pursuant to 28 U.S.C. § 2255. *See Zelaya v. Sec'y, Florida Dep't of Corr.*, 798 F.3d 1360, 1362 (11th Cir. 2015) (quoting 28 U.S.C. § 2255(e) for the proposition that a prisoner "may only challenge his conviction through a § 2241 petition if he shows that a [28 U.S.C.] § 2255 motion would be 'inadequate or ineffective to test the legality of his detention.'"), *overruled in part on other grounds by McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). However, "[c]ourts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Thus, "a defendant must assert all available claims on direct

---

[2] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10 CV 03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

appeal, and [ ] '[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Id.* (citations omitted).

Here, the Court takes judicial notice, *see* Fed. R. Evid. 201, that on January 9, 2026, in *United States v. King*, Case No. 6:25-cr-288-RBD-DCI, Doc. # 110, a jury convicted Petitioner of seven counts of bank fraud and one count of aggravated identity theft. Petitioner's sentencing hearing is scheduled for April 7, 2026. *United States v. King*, Case No. 6:25-cr-288-RBD-DCI, Doc. # 111. Thus, contrary to Petitioner's contention otherwise, he has been convicted and is not in pretrial detention.

Because Petitioner was convicted of federal offenses, the appropriate statute by which he generally must seek collateral relief is 28 U.S.C. § 2255, not § 2241. Thus, Petitioner cannot proceed under § 2241. Further, although the Court could construe the Petition to be raised under § 2255, it declines to do so because the claims raised in the Petition are properly raised on direct appeal.[3] In other words, Petitioner cannot use § 2255 or § 2241 as a surrogate for a direct appeal. Consequently, the Court concludes that the Petition should be dismissed without prejudice to allow Petitioner to raise his claims on direct appeal after he is sentenced.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. This case is **DISMISSED** without prejudice.

---

[3] The Court notes that Petitioner raised most, if not all, the claims raised in the Petition before trial, and the district court denied relief. *See United States v. King*, Case No. 6:25-cr-288-RBD-DCI, Doc. # 78.

2. The **Clerk of Court** is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

Copies to:

Unrepresented Party